Thank you. May it please the court, and Mr. Kirby, I'm Donna Elm. I'm appearing on behalf of the juvenile male. I would like to reserve two minutes if I can for rebuttal. This case is not Doe. Doe is a case that came on out of a rule in the 2003 juvenile male case which addressed transfer, but Doe addressed what happens in a juvenile adjudication and disposition. Doe therefore, in overruling juvenile male, really overruled it to the extent it referred to the record certification as applying to a juvenile adjudication. There is reasons why a transfer is different, substantial reasons why, and I want to address those. The first one is that a juvenile adjudication and disposition stays within the court's juvenile jurisdiction. It is civil. You still stay in a civil jurisdiction. What happens when you're going to a transfer is you move from one jurisdiction to another, from the civil to the criminal. And with that, you get a whole host of very serious consequences, including change of a status, social status, exposure to a substantially larger punitive measures. You get public scorn. You get loss of confidentiality. Apprendi starts to apply when you go into the criminal. All these different things make a major difference between the civil and the criminal change, and those are a change of jurisdiction that happens with transfer which does not happen when you are dealing merely with a juvenile adjudication that goes to disposition. The second reason which is really critical to consider here is Congress's plain language in how they structured the jurisdictional issues that happen in Section 5032. In the very beginning, Congress says, here's how you can get into juvenile jurisdiction. Remember that the courts used to have really plenary jurisdiction over juveniles and criminal, and that Congress took that away and replaced it saying you can only have it in limited jurisdiction. Congress recognized in Doe that the first jurisdictional requirement to get into a juvenile adjudication is the needs certification, and that's at the very beginning of 5032. 5032 with Congress then went on to say here's various things you can do with a juvenile while you've got them there. But Congress put at the very end of 5032 specific language about what to do then if you want to transfer, and I think unfortunately placed the original language of also have an adjudication in that paragraph. But what it says, and this is critical, is a juvenile shall not be transferred nor hearing held under, that's the disposition hearing 5037. What they're saying is you can't, you can get an adjudication with a juvenile, you can't move into the disposition hearing unless you get these records. That is why it is a sort of claim processing thing that Condrick would apply to. It is not a claim processing thing to move from a civil jurisdiction to a criminal, and this is a very unique creature in federal law. Indeed, I've seen it very little in any of the state law I've practiced. It's not even like moving from bankruptcy Chapter 11 to 7. We have a very different thing happening here, and to move into this new one, you have to have your record certification to move on in. And that is because record certification takes the juvenile case and the history, which is sealed, into a different court, into a different jurisdiction, but it remains the same case. What is significant about this is several things. We have, of course, an issue of waiver. Did we waive below this whole issue? And of course, DOE suggests that if you do not object, it is waived. Waiver becomes a critical issue then for this appeal. What happens is in a disposition, an adjudication happens. We know that there will be a disposition in a certain number of weeks, and that during that time and before the hearing, and that's the statutory language, before that hearing, the government has to produce certain evidence. That evidence then can be considered by the judge, and at that adjudication hearing, it will have to be produced before the hearing. Defense counsel is then on notice, has all of the evidence, can look at it, can say here it is, and can object. There's a place and a time for it. The waiver issue becomes much more important here because we have language by Congress that transfer does not occur, or that on the transfer, that the records are not due until transfer. If we were in a Rule 29 situation in a trial, and the government has to, by the close of its case, prove identity in a criminal trial, identity of the perpetrator, and it fails to do so, and I were to argue, judge, dismiss it here at Rule 29 because they failed to say, well, she should have objected earlier sometime. This is what we have here. We have records that can be filed at any time, records that are produced to counsel in discovery early, a record that's filed three days before hearing, a stack of documents, our Exhibit 3, that comes in during hearing. It can be supplemented at any time before a judge decides transfer. It is at the point of the judge deciding transfer that makes it a threshold into a new jurisdiction, as opposed to just a records processing sort of requirement. And it is because of that that the time in which I can object is only after the close of everything after the decision or at that point of decision. The government could theoretically continue to supplement it up until that point of decision. What we have then is a situation where the court would put the defense in the position in an advocacy situation of trying to help the government meet its burden, of reminding the government, oh, you forgot the element of ID, oh, you forgot these parts, oh, we don't have that, when the government's got that burden to produce it. And it has that burden to produce it all the way up until the decision of the judge. It could happen even after the transfer hearing, before the judge transfers. The judge just has to have the information to rely on to make that decision. Consequently, when the judge does not have that information to rely upon, it should not transfer. I think that sort of troubles me here. You know, I realize there is differences between the en banc opinion in Doe and the procedural posture of this case. But let's just assume for a moment that I'm not able to find a really fundamental distinction here that would say I wouldn't apply Doe to this particular case. What is it, and let's put aside the waiver argument as well for a moment. What is it that's so inefficient, so incomplete about these records, that the district court did not have sufficient information to make a reasoned judgment regarding discretionary transfer? Or do you not even want to get to that point? Well, Judge, obviously my opinion, my position is that we should not be getting to that point. But since the court has brought it up, that is to some degree our second issue, which is how do we know what he pled to? How do we know what he was convicted of? Was it in fact a mere assault and not a sexual assault? And that's because we're missing critical documents of what the plea agreement was, whether there was even a trial and a verdict by the judge, what the client was convicted of. There is reference to various things, but it is the sort of unofficial records that this court has condemned in the past. So there was testimony produced at the transfer hearing, as I recall. Yes, there was. And to what extent did that sort of fill in any blanks? That also helps fill in the blanks and helps the court to try and decide in the different prongs of a discretionary transfer what sort of behavior. But we still have a problem in knowing what the juvenile record is, what it was he was convicted of, what it was. And while it suggests certain things, as we know, sometimes POs and others may remember, oh, it was a child molest case, and yet we know that sometimes those are pled down to a simple assault. And that would have a very different nature, especially if there's some findings that the juveniles may not have had credibility. Thank you. We've just about exhausted your time. I may give you a moment, a minute, after we hear. Thank you. For rebuttal. Good morning. May it please the Court. I'm Vincent Kirby with the U.S. Attorney's Office in the District of Arizona. I was counsel on the transfer hearing below. Your Honor, the government submits that despite the attempts to distinguish the most recent Doe on Bonk opinion, because this is a transfer and not a disposition setting, the statute and the language in the sentence are all one sentence. It says a juvenile shall not be transferred, nor shall he be disposed of prior to the compilation of any juvenile record. And in this case, we submitted over 200 pages of records. Counsel has engaged in speculation that there should be documents in this file. All I can point the Court to is that we had a letter from the family court releasing the records. Those are the records that were provided to us by the tribal court. It is not unusual in our experience that records in tribal court sometimes go missing, sometimes don't exist, sometimes they're in other files. The Court asked earlier how can, what can we look at to determine whether the judge made a reasoned decision. Your Honor, in terms of what the juvenile was convicted of, I refer the Court to volume one of the excerpt of records, page 18, which is the report of the family law clerk listing three convictions for sexual assault, all referencing the appropriate case numbers in the juvenile matter before the tribal court. On the excerpt of record in volume three, on pages 663, 673, 674, there are, again, references to, by the judge, that he was issuing a sentence on two counts of sexual assault. On page 664, there's a disposition report, that's, again, the excerpt of record of Marie Collins, that the defendant admitted, the juvenile admitted to the two counts of sexual assault. Sexual assault is defined in the disposition report and its appropriate punishment is also listed. Everything in the report that the judge had before him in making this decision indicated that the defendant, or the juvenile had admitted to sexual assaults and nothing less. Additionally, facts were developed both through his admissions to the probation officer during the disposition report, his psychosexual evaluation of what he did with the girls. The Court had more than ample information to reach the conclusion that the defendant had engaged in very serious conduct, that they were sexual assaults, and weighed heavily in terms of a factor supporting transfer to juvenile status. We believe it's important that if the objection is not raised below, it's not a matter of helping out the government. The Court says plain errors if you don't object below. They have opportunity. To this date, there's no suggestion in the record or on any appeal that the information the judge relied on is not reliable or is incorrect. In fact, the probation officer testified at the transfer hearing and there was no discussion other than the fact that he admitted to touching the girls and that he had admitted and he had gone off for counseling. Obviously, the Tribal Court felt that it was a very serious matter because they took a somewhat extraordinary step of relocating him to a sexual offender treatment program in the state of Utah off the reservation. The government submits that the district court did not abuse its discretion. If we were to agree on that determination, is it necessary for us to reach the mandatory transfer ruling of the district court? It is not necessary to reach that ruling. As a practicing prosecutor, I would like to have someday that issue addressed of where Tribal convictions, especially in the juvenile setting, may set in as the Court and as counsel pointed out in her brief. The Eighth Circuit got up to the edge, found, as the Court suggested, that if the discretionary decision by the Court is not an abuse, it need not reach the mandatory transfer. If there are no further questions from the panel? No. I don't hear any. Thank you. Thank you very much. You may have a minute to reply. Thank you. There is indications that documents are missing, critical documents. The government has suggested it's not unusual that there are documents missing, and yet, if that's the case, the government's got the burden to check into that and find them. The government refers the Court to the summary document that lists convictions, and yet, in Juvenile Mail of 2003, that issue was not overruled. That issue still remains good, and there are other cases that have supported that the summary conclusions are just testimony or ideas of what those are, does not meet what's required. There may still be issues here. This is a very unusual procedure to go from one jurisdiction to another within one case, a unique one, and because of that, and because at no point, at any point up until a judge decides those records could be submitted, when does a person object, when is there waiver, this may still be an issue that is raisable on appeal. Okay. Thank you. Thank you. The matter will stand submitted. Thank you. Our next case on the argument calendar is
judges: Fernandez, Paez, Rawlinson